UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AARON JONES, SR.,**

    **Plaintiff,**

v.

Civil Action 2:21-cv-5089
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

**DIRECTOR OF DEPARTMENT OF REHABILITATIONS AND CORRECTIONS,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Aaron Jones, Sr., an inmate at Belmont Correctional Institution ("BCI"), brings this action against the Director of the Ohio Department of Rehabilitation and Corrections, the Governor of Ohio, and BCI's warden. Plaintiff did not prepay the $402 filing fee, but instead seeks leave to proceed *in forma pauperis*. (ECF Nos. 3 and 5.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED** and that Plaintiff be ordered to pay the full $402 fee ($350 filing fee, plus $52 administrative fee) required to commence this action within thirty days and that Plaintiff be advised that failure to timely pay the full $402 fee will result in the dismissal of his action with prejudice. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Congress has restricted a prisoner's right to proceed *in forma pauperis*. In accordance with Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 State 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, Plaintiff has more than three such dismissals, namely, the following eight cases were dismissed pursuant to § 1915: *Jones v. Mahoning Cty. Courts*, 4:06-cv-1161 (N.D. Ohio); *Jones v. Municipal Judge Douglas*, 4:06-cv-2345 (N.D. Ohio); *Jones v. Warden Grafton Corr. Inst.*, 1:15-cv-1158 (N.D. Ohio); *Jones v. Ishee*, 1:17-cv-21 (N.D. Ohio); *Jones v. Ishee*, 17-3370 (6th Cir.); *Jones v. Grafton Corr. Inst. Staff*, 1:17-cv-2588 (N.D. Ohio); *Jones v. Grafton Corr. Inst. Staff*, 18-3467 (6th Cir.); *Jones v. Municipal Judge Douglas*, 4:10-cv-519 (N.D. Ohio).

In view of Plaintiff's multiple "strikes," he is deemed a "three striker" under § 1915(g) such that he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Id*. (citing *Taylor v. First Med. Mgmt*., 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted). Imminent danger means that "the threat or prison condition must be real and proximate and the danger of serious physical injury . . . ." *Vandiver*, 727 F.3d at 585 (internal quotation marks and citation omitted).

Here, the undersigned is unable to discern any facts from Plaintiff's Complaint that establish that he meets the statutory exception set forth in § 1915(g).  Rather, his claims are unclear and appear to arise from his dissatisfaction with what property he was permitted to retain following his transfer to BCI.

Because Plaintiff neglected to identify previously-dismissed cases in connection with the declaration he initially filed in support of his *in forma pauperis* application (*see* ECF No. 3 at PAGEID # 4), the undersigned explicitly ordered Plaintiff to "file an amended Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees, containing (1) a full and accurate list of all of his previously-dismissed lawsuits in response to question 7 on the affidavit . . . ."  (Nov. 22, 2021 Order and Notice of Deficiency, ECF No. 4 at PAGEID # 34.)  In Plaintiff's updated declaration, however, Plaintiff declares, under the penalty of perjury, that only three such cases exist, and of the three cases he identifies, only two have been dismissed.

Plaintiff's failure to disclose the cases that have been dismissed is problematic because he has been able to avoid being designated a "three-striker" and therefore avoid paying the filing fee in other cases pending both in this Court and in the Northern District of Ohio.  *See*, *e.g.*, *Jones v. Mike DeWine*, 2:20-cv-5919-SDM-EPD (Pl.'s App. To Proceed *In Forma Pauperis*, ECF No. 1 at PAGEID # 4 (declaring, subject to penalty of perjury, that he had *no* previously-dismissed cases in a court of the United States)); *Jones v. DeWine*, No. 2:20-cv-3301-SDM-EPD (Pl.'s *In Forma Pauperis* Application, ECF No. 9 (neglecting to identify any previously-dismissed actions).  Under similar circumstances, the United States Court of Appeals for the Seventh Circuit dismissed a three-striker's action with prejudice.  *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("He committed a fraud on the federal judiciary by seeking and obtaining permission to appeal *in forma pauperis* without revealing that he has already been held to be

covered by § 1915(g). . . . Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit.").

Because Plaintiff has failed to satisfy the exception set forth in § 1915(g) and because has also failed to comply with this Court's Order that he disclose all previously-dismissed cases, the undersigned makes the following **RECOMMENDATIONS**:

1. Plaintiff be **ORDERED** to pay the full $402 filing fee ($350 filing fee, plus $52 administrative fee) required to commence this action **WITHIN THIRTY DAYS**, and that the Court advise Plaintiff that his failure to timely pay the full $402 fee within thirty days will result in the dismissal of this action.

2. Plaintiff be **ORDERED** to file a Notice in all pending federal cases in which he was granted leave to proceed *in forma pauperis* status that identifies all of his previously-dismissed cases.

3. Plaintiff be advised that the Court will dismiss with prejudice any future cases in which Plaintiff seeks *in forma pauperis* status without identifying previously-dismissed cases in accordance with *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999); *see also Clervrain v. Lawson*, No. 1:20-cr-1306, ECF No. 5 (S.D. Ind. May 6, 2020) (denying Clervrain's *in forma pauperis* motion and dismissing the action with prejudice because Clervrain failed to disclose that he was a three-striker).

4. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations

4

to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE